

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00035-CV

RPM SERVICES, Appellant

V.

MARIBEL MATA SANTANA, JOSE LEONEL MATA, JR.,
AND JOSE LEONEL MATA, Appellees

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2018-232

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In this case, RPM Services filed a notice of appeal that it was appealing from the trial court's denial by operation of law of its motion to dismiss filed pursuant to the Texas Citizen's Participation Act (the TCPA). We dismiss this appeal because we find we do not have jurisdiction over this interlocutory appeal.

RPM Services filed its original petition against Maribel Mata Santana, Jose Leonel Mata, Jr., and Jose Leonel Mata (Appellees) seeking to recover certain mobile homes and damages. In response, Appellees filed a counterclaim against RPM Services claiming a possessory lien on the mobile homes and seeking rent due on the mobile homes. RPM Services filed a motion to dismiss seeking to dismiss Appellees' counterclaim under the TCPA[1] on October 29, 2018. In its notice of appeal and its brief in this Court, RPM Services asserts that a hearing on its motion to dismiss "transpired" on February 25, 2019. However, Appellees' brief in this Court asserts that a telephonic conference was held on February 25, 2019,[2] but that the merits of the motion to dismiss were not discussed and that the parties waived a transcript of the hearing.

Our jurisdiction, as an appellate court, is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are granted specific authority over an appeal from a particular type of order, we have jurisdiction only over appeals

---

[1]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003.

[2]Although the district clerk's register of action indicates a hearing was held on February 25, it does not indicate the substance of that hearing. However, two orders dated February 25 concerning the Appellees' motion to transfer venue do appear in the record. In addition, the trial court's docket sheet concerning RPM Services' motion to dismiss showed that on December 12, 2018, the hearing on the motion to dismiss was continued until January 7, 2019. The entry on January 7, 2019, indicated that the motion to dismiss was passed by agreement. The docket sheet contains no entry for the motion to dismiss on February 25, 2019.

from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We do not have jurisdiction to hear appeals from interlocutory orders unless a statute expressly provides such jurisdiction. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Under the TCPA, the trial court must rule on a motion to dismiss "not later than the 30th day following the date of the hearing on the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a). If the trial court does not rule on the motion "in the time prescribed by Section 27.005," it is considered denied by operation of law. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a). Thus, under the TCPA the thirty-day deadline for the trial court to either expressly rule or have the motion considered denied by operation of law is only triggered by a hearing on the motion to dismiss. *Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *3 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.); *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *1 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.).

We have jurisdiction over an interlocutory appeal from a denial of a motion to dismiss filed under the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (Supp.). This may occur when the trial court enters an order denying the motion to dismiss or by operation of law if no order is entered within thirty days of the hearing on the motion to dismiss. *Braun*, 2017 WL 4250235, at *2. However, we do not have jurisdiction to hear an interlocutory appeal under the TCPA when there has been neither a hearing on the motion to dismiss, nor an express order dismissing the motion. *Id*. at *2, *4.

3

On July 18, 2019, we notified the parties that we would dismiss this appeal for lack of jurisdiction unless any party demonstrated, by August 2, 2019, that we had jurisdiction over this appeal. We granted RPM Services' request for an extension of time to respond until August 23, 2019. RPM Services timely filed a supplemental clerk's record that indicated it requested a hearing on its motion to dismiss. However, nothing in that record indicated that a hearing on the motion to dismiss was set or that there was a substantive hearing on the motion to dismiss.[3]

Because no hearing was held on RPM Services' motion to dismiss, the time under Section 27.005(a) for the trial court to rule on the motion has not begun. Consequently, the motion cannot have been denied by operation of law. *Wightman-Cervantes*, 2018 WL 798163, at *3; *Braun*, 2017 WL 4250235, at *2. Since there has been no express order denying RPM Services' motion to dismiss, and since the motion has not been denied by operation of law, there is no order from which RPM Services may appeal, and we lack jurisdiction over this appeal.

Therefore, we dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     August 1, 2019
Date Decided:       August 29, 2019

---

[3]Even though it was granted an additional twenty-one days to respond to our request, RPM Services did not file a timely response.

4